NO. 11-30181

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellee,

vs.

MATTHEW WAYNE HENRY,

Appellant.

_____

Appeal from the United States District Court
for the District of Alaska
at Anchorage

_____

The Honorable H. Russel Holland

_____

**APPELLANT'S OPENING BRIEF**

_____

Rich Curtner
Federal Defender
Attorney for Appellant
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
Telephone:      (907) 646-3400
Fax:              (907) 646-3480

# TABLE OF CONTENTS

Page

I.    STATEMENT OF JURISDICTION.............................. 1

    A.    Statement of the Case...................................... 1

    B.    Jurisdiction of the District Court............................. 1

    C.    Jurisdiction of the Court of Appeals.......................... 1

    D.    Timeliness of the Appeal................................... 1

    E.    Finality................................................. 1

    F.    Bail Status.............................................. 1

II.    QUESTIONS PRESENTED FOR REVIEW........................ 2

III.    SUMMARY OF THE ARGUMENT............................... 3

    A.    Mr. Henry Has a Right Under the Second Amendment
        to Possess a Homemade Machine Gun in His Own Home.......... 3

    B.    Title 18 U.S.C. § 922(o) is an Invalid Exercise of
        Congress's Power Under the Commerce Clause When
        Applied to a Homemade Machine Gun......................... 4

    C.    The District Court Did Not Apply the Correct Standard
        of Review In Considering Mr. Henry's Constitutional
        Challenges............................................... 5

IV.    SUMMARY OF THE CASE.................................... 6

    A.    Statement of the Facts...................................... 6

    B.    Course of Proceedings...................................... 7

Page

V.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.    Mr. Henry Has a Right Under the Second
        Amendment to Possess a Homemade Machine
        Gun in His Own Home.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.    *District of Columbia v. Heller* protects Mr. Henry's
            fundamental right to keep and bear arms for
            self-defense.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.    Title 18 U.S.C. § 922(o) is an Invalid Exercise of
        Congress's Power Under the Commerce Clause When
        Applied to a Homemade Machine Gun.. . . . . . . . . . . . . . . . . . . . . 10

        1.    Standard of review... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        2.    The decision of *District of Columbia v. Heller*
            requires this Court to re-evaluate if § 922(o) is
            a valid exercise of Congress's commerce power
            as applied to this case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    The District Court Did Not Apply the Correct Standard
        of Review in Deciding Mr. Henry's Motions to Dismiss.. . . . . . . . 13

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

<u>**CASES CITED**</u>                                                          <u>**PAGE**</u>

*District of Columbia v. Heller,*
    554 U.S. 570 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4, 8-10, 12, 13

*Gonzales v. Raich,*
    545 U.S. 1 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*McDonald v. Chicago,*
    130 S. Ct. 3020 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 13

*Nordyke v. King,*
    644 F.3d 776 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13, 14

*Silveira v. Lockyer,*
    312 F.3d 1052 (9th Cir.2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Aiken,*
    787 F. Supp. 106 (D. Md. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Jones,*
    231 F.3d 508 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Miller,*
    307 U.S. 174 (1939). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Stewart,*
    348 F.3d 1132 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11-13

*United States v. Stewart,*
    451 F.3d 1071 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 13

*United States v. Stewart,*
    545 U.S. 1112 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Vongxay,*
    594 F.3d 1111 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES CITED**                                              **PAGE**

Title 18 United States Code, Section 922. . . . . . . . . . . . . . . . . . 1, 2, 4, 6, 10-13, 15

Title 18 United States Code, Section 924. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Title 18 United States Code, Section 3231.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Title 26 United States Code, Section 5845. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Title 28 United States Code, Section 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Amendment II . . . . . . . . . . . . . . . . . . . 2-6, 8-10, 12-14

# I.  STATEMENT OF JURISDICTION

**A.  Statement of the Case.**  This is a criminal appeal from a conviction for Illegal Possession of a Machine Gun in violation of 18 U.S.C. § 922(o)(1) and 18 U.S.C. § 924(a)(2).

**B.  Jurisdiction of the District Court.**  The district court had jurisdiction pursuant to 18 U.S.C. § 3231.

**C.  Jurisdiction of the Court of Appeals.**  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

**D.  Timeliness of the Appeal.**  The district court filed its judgment and commitment order on July 7, 2011.  [ER 3]  Mr. Henry filed a timely notice of appeal on July 14, 2011.  [ER 1-2]

**E.  Finality.**  A judgment of conviction in a criminal case is a final decision under 28 U.S.C. § 1291.

**F.  Bail Status.**  Mr. Henry is currently serving the 24-month sentence imposed by the district court.  His projected release date is September 5, 2012.  Mr. Henry currently is being detained at the SeaTac Federal Detention Center.

## II.   QUESTIONS PRESENTED FOR REVIEW

Matthew Henry was convicted for possessing a homemade machine gun. He filed a motion to dismiss his indictment, arguing that 18 U.S.C. § 922(o) is an invalid exercise of the Commerce Clause as applied to simple possession of a homemade machine gun, and a violation of Mr. Henry's Second Amendment right to keep and bear arms.  Mr. Henry's motion raises the following questions:

1.     Does Mr. Henry have the right to possess a homemade machine gun under the Second Amendment, as interpreted by the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008)?

2.     Does Congress have the power under the Commerce Clause to criminalize the possession of a homemade machine gun?

3.     Did the district court fail to apply the proper level of scrutiny in deciding Mr. Henry's Motion to Dismiss?

## III.   SUMMARY OF THE ARGUMENT

Matthew Henry was indicted for two counts of illegal possession of machine guns.  The first count charged Mr. Henry with possessing a semi-automatic rifle that he converted to fully automatic in his garage.  The second count charged Mr. Henry with possessing an auto-sear that could be used to convert a semi-automatic rifle to fully automatic.  Mr. Henry was convicted of the first count and acquitted by a jury on the second count.  In this appeal, Mr. Henry challenges his conviction on the first count on Constitutional grounds.

Mr. Henry now asks this Court to reverse his conviction for the following reasons:

### A.   Mr. Henry Has a Right Under the Second Amendment to Possess a Homemade Machine Gun in His Own Home.

Mr. Henry converted a semi-automatic rifle to a "machine gun" (automatic rifle), in his garage.  He was not prohibited from possessing firearms. Mr. Henry was not a convicted felon, drug user, or mentally ill.  He did not possess the homemade machine gun outside of his home.  He was not involved in the commercial sale of this firearm or any firearms.  Mr. Henry possessed this weapon solely for the defense of his home.

Mr. Henry submits that the decision of the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second

3

Amendment confers upon an individual the right to keep and bear arms in the home, applies to his possession of a homemade machine gun.

**B.    Title 18 U.S.C. § 922(o) is an Invalid Exercise of Congress's Power Under the Commerce Clause When Applied to a Homemade Machine Gun.**

In *United States v. Stewart (Stewart I),* 348 F.3d 1132, 1140 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that 18 U.S.C. § 922(o) was an invalid exercise of Congress's power under the Commerce Clause as applied in that case. The Ninth Circuit ruling was that criminalizing the possession of a homemade machine gun was an unlawful extension of Congress's commerce power.

The *Stewart* decision was reversed in *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006). However, the *Heller* decision changes the Second Amendment and Commerce Clause landscape for analysis of Mr. Henry's motion to dismiss.

In light of *Heller* and the rationale of *Stewart I*, Mr. Henry submits that prosecution of Mr. Henry under the facts of this case under 18 U.S.C. § 922(o) is an invalid exercise of Congress's commerce power and the Indictment should have been dismissed.

**C.      The District Court Did Not Apply the Correct Standard of Review In Considering Mr. Henry's Constitutional Challenges.**

In considering Mr. Henry's Constitutional challenges, the magistrate judge of the district court recommended that Mr. Henry's motion be granted, applying a "heightened scrutiny test."  The district court rejected the recommendation of the magistrate judge, but did not articulate any standard of review.

The Ninth Circuit Court of Appeals recently decided that Second Amendment cases in which regulations burden the right to keep and to bear arms should receive heightened scrutiny.  *Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011).  This case should be remanded in order for the district court to apply the correct standard of review to Mr. Henry's constitutional challenge of his conviction.

## IV. SUMMARY OF THE CASE

### A. Statement of the Facts.

Matthew Henry was indicted on November 16, 2010, on two counts of Illegal Possession of Machine Guns in Violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2). [ER 169-71] Count 1 alleged that Mr. Henry unlawfully possessed a machine gun on October 30, 2009. Count 2 alleged that Mr. Henry unlawfully possessed a part designed and intended solely and exclusively for use in converting a weapon into a machine gun, to wit: an auto-sear, on June 14, 2010.

Mr. Henry filed a timely motion to dismiss both counts in the indictment, challenging his prosecution. Mr. Henry argued that he had the right under the Second Amendment to possess a homemade machine gun in his home. He also argued that 18 U.S.C. § 922(o) was an invalid exercise of Congress's commerce power.

In Alaska, magistrate judges hear pretrial motions and make a report and recommendation to the district court. In Mr. Henry's case, the magistrate judge recommended that Mr. Henry's motion be granted. [ER 164-68] The magistrate judge specifically used a "heightened scrutiny analysis" in making his recommendation to the district court. [ER 164-65]

The district court rejected the report and recommendation of the magistrate judge and denied Mr. Henry's motion to dismiss. [ER 153-63] The district court set out the facts relevant to Mr. Henry's motion:

The facts relevant to defendant's motion to dismiss are as follows:

The machinegun and the auto-sear part were found in defendant's home. It is not disputed that the weapon in question was a machinegun, nor that the auto-sear had no legitimate purpose other than the conversion of a conventional weapon to a machinegun. For purposes of the instant motion, it is undisputed that defendant is not a felon, not mentally ill, and did not possess the machinegun in a prohibited location such as a school, government building, or any other public location. It is undisputed for purposes of the instant motion that defendant was not involved in any commercial sale of the machinegun. As stated above, the court assumes that the weapon in question was converted into a machinegun in the District of Alaska.

[ER 155-56]

## B.  Course of Proceedings.

The district court denied Mr. Henry's motion to dismiss without a hearing. Mr. Henry proceeded to trial on April 11, 2011. On April 13, 2011, the jury convicted Mr. Henry on Count 1 of the indictment and acquitted him on Count 2.

Mr. Henry was sentenced on July 1, 2011, to a term of 24 months. [ER 3-8]  He filed his notice of appeal on July 14, 2011 [ER 1-2], and now brings this appeal.

# V.   ARGUMENT

### A.   Mr. Henry Has a Right Under the Second Amendment to Possess a Homemade Machine Gun in His Own Home.

#### 1.   Standard of review

A constitutional challenge to the district court's denial of a motion to dismiss is reviewed *de novo*. *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010).

#### 2.   *District of Columbia v. Heller* protects Mr. Henry's fundamental right to keep and bear arms for self-defense.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms for self-defense.

In *Heller*, Justice Scalia, writing for the majority, stated that:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms.

*United States v. Heller*, 554 US. at 595.

In *McDonald v. Chicago*, 130 S. Ct. 3020 (2010), the Supreme Court clearly demonstrated that the individual right to keep and to bear arms is a "fundamental" right, and specifically rejected the suggestion that the Second Amendment should receive less protection than the rest of the Bill of Rights. 130 S. Ct. at 3041-44.

The *Heller* decision recognized that the right to keep and bear arms is subject to certain limitations. Characterizing the right to bear arms as one that is related to the inherent right of self-defense, *Heller* described the individual right conferred by the Second Amendment as the right of "law-abiding, responsible citizens to use arms in defense of hearth and home."

*Heller* specifically stated that the right secured by the Second Amendment is not unlimited:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.,* 554 U.S. at 626-27.

None of these exceptions apply to Mr. Henry under the facts of this case. Mr. Henry's possession of a homemade machine gun in his home for self-defense is protected by the Second Amendment.

The district court decision to deny Mr. Henry's motion to dismiss relies on *United States v. Miller*, 307 U.S. 174 (1939), and reference to the *Miller* decision in *Heller*. [ER 156-59] The Supreme Court in *Heller* stated:

> We therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.

9

554 U.S. at 625.

However, automatic firearms are typically possessed by law-abiding citizens for lawful purposes. *Heller* should not be interpreted so as to exempt the protection of the Second Amendment to Mr. Henry.

**B.    Title 18 U.S.C. § 922(o) is an Invalid Exercise of Congress's Power Under the Commerce Clause When Applied to a Homemade Machine Gun.**

**1.    Standard of review.**

The constitutionality of a statute is reviewed *de novo. United States v. Jones*, 231 F.3d 508 (9th Cir. 2000).

**2.    The decision of *District of Columbia v. Heller* requires this Court to re-evaluate if § 922(o) is a valid exercise of Congress's commerce power as applied to this case.**

Section 922(o) of Title 18 of the United States Code makes it unlawful for any person

> to transfer or possess a machine gun, except a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or any lawful transfer of lawful possession of a machine gun that was lawfully possessed before May 19, 1986.

Section 922(o) further provides that no application to make, transfer, or import a machine gun will be approved except as provided within the section. The term "machine gun" is defined in 26 U.S.C. § 5845 to mean:

10

any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

Section 922(o) became effective May 19, 1986. On that date, the government ceased accepting registrations for machine guns, thus removing the 'Constitutional legitimacy of registration as an aide to tax collection.'" *United States v. Aiken*, 787 F. Supp. 106, 108 (D. Md. 1992). Unquestionable, § 922(o) prohibits the private possession of machine guns not lawfully possessed prior to May 19, 1986.

In *United States v. Stewart (Stewart I),* 348 F.3d 1132, 1140 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that 18 U.S.C. § 922(o) was an invalid exercise of Congress's power under the Commerce Clause as applied in that case. The Ninth Circuit ruling was that criminalizing the possession of a homemade machine gun was an unlawful extension of Congress's commerce power.

The United States Supreme Court granted certiorari, vacated that decision, and remanded the case to the Court of Appeals. *United States v. Stewart*, 545 U.S. 1112 (2005) (Mem). The remand was based on the decision of the Supreme Court in *Gonzales v. Raich*, 545 U.S. 1 (2005).

11

On remand, the Ninth Circuit Court of Appeals affirmed Stewart's conviction. *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006). This decision in *Stewart II* was based on *Gonzales v. Raich*. However, the Court of Appeals stated:

> We note in passing that since the Second Amendment does not grant individual rights, see *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir.2002), we cannot rely on it as a basis for requiring Congress to make specific findings in legislation touching on firearms.

451 F.3d 1075, n.6.

Since that decision, the United States Supreme Court decided *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second Amendment does in fact confer an individual the right to keep and bear arms. 554 U.S. at 595. The *Heller* decision turns the rational of *Stewart II* on its head, and supports the first *Stewart* decision as correct.

In light of *Heller* and the rationale of *Stewart I*, Mr. Henry submits that prosecution of Mr. Henry under the facts of this case under 18 U.S.C. § 922(o) is an invalid exercise of Congress's commerce power and the Indictment should have been dismissed.

The district court denied Mr. Henry's motion to dismiss, stating that the holding of *Stewart II* is the binding precedent of this circuit. Mr. Henry's position is that the Supreme Court jurisprudence under *Heller* and *McDonald* requires the

12

district court to evaluate Mr. Henry's Second Amendment claim under the standard of *Stewart I*.

**C.    The District Court Did Not Apply the Correct Standard of Review in Deciding Mr. Henry's Motions to Dismiss.**

The United States Supreme Court, in deciding the *Heller* and *McDonald* cases, did not articulate a standard of review in the analysis of constitutional claims under the Second Amendment. The Ninth Circuit Court of Appeals has decided that regulations which substantially burden the right to keep and bear arms require a heightened scrutiny test under the Second Amendment. *Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011).

In *Nordyke*, this Court carefully reviewed cases which have applied the holdings of *Heller* and *McDonald* to Second Amendment cases. The *Nordyke* court held that heightened scrutiny applies to laws that substantially burden Second Amendment rights, rather than the rational basis test utilized in *Stewart II*.

In this case, there is little question that 18 U.S.C. § 922(o) substantially burdens Mr. Henry's right to keep and to bear his homemade machine gun. The magistrate judge, in recommending that Mr. Henry's motion to dismiss be granted, used a heightened scrutiny test. [ER 164-65]

However, the district court, in denying Mr. Henry's motion, used the rational basis test.

13

Application of a rational basis test to Mr. Henry's Second Amendment claims violates the holding of *Nordyke v. King*. Mr. Henry's cases, at a minimum, should be remanded to the district court in light of the *Nordyke* opinion.

## VI.   CONCLUSION

Mr. Henry asks this Court to reverse his conviction as a violation of Mr. Henry's right to keep and to bear arms.  Mr. Henry additionally asks this Court to find that 18 U.S.C. § 922(o) is unconstitutional as applied to Mr. Henry's case, in that Congress could not, under its Commerce Clause power, prohibit mere possession of a homemade machine gun.

In the alternative, Mr. Henry asks that his case be remanded to the district court for consideration under a heightened scrutiny standard of review.

Dated at Anchorage, Alaska, this 14th day of November, 2011.

Respectfully submitted,

THE OFFICE OF FEDERAL DEFENDER
FOR THE DISTRICT OF ALASKA

/s/Rich Curtner
Federal Defender
Attorney for Appellant
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:           907-646-3480
E-Mail:        rich_curtner@fd.org

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Appellee,<br><br>vs.<br><br>MATTHEW WAYNE HENRY,<br><br>Appellant. | C.A. No. 11-30181<br>D.C. No. 3:10-cr-00115-HRH<br>Alaska (Anchorage)<br><br>**STATEMENT OF INTERESTED PARTIES and STATEMENT OF RELATED CASES** |

The undersigned, counsel for Matthew Wayne Henry, certifies that there are no known interested parties other than those participating in the case. Appellant's counsel is unaware of any related cases.

DATED this 14th day of November, 2011.

Respectfully submitted,

THE OFFICE OF FEDERAL DEFENDER
FOR THE DISTRICT OF ALASKA

/s/Rich Curtner
Federal Defender
Attorney for Appellant
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     rich_curtner@fd.org

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 11-30181 |
| Appellee, | D.C. No. 3:10-cr-00115-HRH |
| | Alaska (Anchorage) |
| vs. | **CERTIFICATE OF** |
| | **COMPLIANCE** |
| MATTHEW WAYNE HENRY, | |
| Appellant. | |

The brief is proportionately spaced, using Times New Roman 14 point.

The word count is 2,821.

DATED this 14th day of November, 2011.

Respectfully submitted,

THE OFFICE OF FEDERAL DEFENDER
FOR THE DISTRICT OF ALASKA

/s/Rich Curtner
Federal Defender
Attorney for Appellant
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     rich_curtner@fd.org

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 11-30181 |
| | D.C. No. 3:10-cr-00115-HRH |
| Appellee, | Alaska (Anchorage) |
| vs. | **CERTIFICATE OF SERVICE** |
| MATTHEW WAYNE HENRY, | |
| Appellant. | |

I, Rich Curtner, hereby certify that on November 14, 2011, I electronically filed Appellant's *Opening Brief*, the *Statement of Interested Parties and Statement of Related Cases* , and the *Certificate of Compliance* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Jo Ann Farrington, Thomas C. Bradley, and Yvonne Lamoureux, Assistant United States Attorneys, participants in this case, will be electronically served by the CM/ECF system.

On November 14, 2011, a copy was served on Appellant Matthew Wayne Henry, by First-Class Mail, postage prepaid, to FDC SeaTac, P.O. Box 13900, Seattle, Washington 98198.

In addition, on November 14, 2011, four (4) sets of the Excerpts of Record were sent to the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by First-Class Mail, and one(1) set was hand delivered to Jo Ann Farrington, Thomas C. Bradley, and Yvonne Lamoureux, Assistant United States Attorneys, at 222 West Seventh Avenue, No. 9, Room 253, Anchorage, Alaska.

DATED this 14th day of November, 2011.

Respectfully submitted,

THE OFFICE OF FEDERAL DEFENDER
FOR THE DISTRICT OF ALASKA

/s/Rich Curtner
Federal Defender
Attorney for Appellant
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:           907-646-3480
E-Mail:       rich_curtner@fd.org