NO. 11-30181

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellee,

vs.

MATTHEW WAYNE HENRY,

Appellant.

_____

Appeal from the United States District Court
for the District of Alaska
at Anchorage

_____

The Honorable H. Russel Holland

_____

**APPELLANT'S REPLY BRIEF**

_____

Rich Curtner
Federal Defender
Attorney for Appellant
601 W. Fifth Avenue, Suite 800
Anchorage, Alaska 99501
Telephone:     (907) 646-3400
Fax:                 (907) 646-3480

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    ARGUMENTS... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENTS IN REPLY... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Mr. Henry's Rifle Was a "Homemade" Machine Gun Within the Meaning of *Stewart I* . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    *Heller* Protects a Law-Abiding Citizen Who is Not Otherwise Prohibited From Owning a Firearm, to Possess a Machine Gun for Lawful Purposes. . . . . . . . . . . . . . . . . . . 3

      C.    Because *Heller* Protects the Possession of Machine Guns in the Home by Law-Abiding Citizens for Lawful Purposes, the Decision of *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006) Is Not Binding on this Court.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**CASES CITED**                                                                     **PAGE NO.**

*District of Columbia v. Heller*,
554 U.S. 570 (2008) .......................................... 1, 3-7

*Engquist v. Oregon Dept. of Agriculture*,
553 U.S. 591 (2008). ............................................. 6

*Gonzales v. Raich*,
545 U.S. 1 (2005) ................................................ 6

*Nordyke v. King*,
644 F.3d 776 (9th Cir. 2011). .................................... 6

*United States v. Gilbert*,
2008 WL 2740453 (9th Cir. 2008). ................................ 4

*United States v. Miller*,
307 U.S. 174 (1939). ............................................. 5

*United States v. Rambo*,
74 F.3d 948 (9th Cir. 1996). ..................................... 2

*United States v. Stewart*,
348 F.3d 1132 (9th Cir. 2003) ................................ 1-3, 6

*United States v. Stewart*,
451 F.3d 1071 (9th Cir. 2006). ................................ 1, 6

**STATUTES CITED**

Title 18 United States Code, Section 922. ..................... 2, 4-6

Title 26 United States Code, Section 5845, Chapter 53. ........... 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Amendment I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States Constitution, Amendment II. . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4-7

United States Constitution, Amendment IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States Constitution, Amendment V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States Constitution, Amendment VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States Constitution, Amendment VIII. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States Constitution,
Article 1, section 8, clause 3 (Commerce Clause). . . . . . . . . . . . . . . . . . . . . 2, 6, 7

# I. ARGUMENTS

A.     The rifle for which Mr. Henry was convicted was a "homemade" machine gun within the meaning of *United States v. Stewart (Stewart I)*, 348 F.3d 1132 (9th Cir. 2003) and *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006).

B.     *District of Columbia v. Heller*, 554 U.S. 570 (2008) applies to the possession of a lawfully obtained firearm within the home for lawful purposes by a person not otherwise prohibited from possessing firearms, including machine guns. Machine guns are typically possessed by law abiding citizens for lawful purposes, and protected under the Second Amendment.

C.     Because *Heller* protects the possession of machine guns possessed in the home by law-abiding citizens for lawful purposes, the *Stewart II* decision is not binding on the District Court or the Court of Appeals.

## II. ARGUMENTS IN REPLY

Mr. Henry's opening brief explains why his possession of a machine gun in his home for lawful purposes was protected by the Second Amendment, and why Congress exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 922(o) to ban homemade machine guns.

Mr. Henry's reply will specifically address three of the government's arguments on these issues.

### A. Mr. Henry's Rifle Was a "Homemade" Machine Gun Within the Meaning of *Stewart I*.

In *United States v. Stewart (Stewart I)*, 348 F.3d 1132 (9th Cir. 2003), the Ninth Circuit panel distinguished *United States v. Rambo*, 74 F.3d 948 (9th Cir. 1996) in that Stewart's machine guns were "homemade." As the court pointed out, "The government has never contested Stewart's claim that the machineguns were entirely homemade, and the evidence supports his claim." 348 F.3d at 1135. That evidence was the testimony of an ATF expert.

The *Stewart I* court made this determination in spite of the fact that "some of the machine gun parts did move in interstate commerce." *Id.* at 1135. The court concluded that because the machine guns in question were built with legal parts from various origins, the machine guns themselves did not travel in interstate commerce.

2

Those are the facts in this case. Mr. Henry built his machine gun from legal parts. [*See* Testimony of Matthew Henry, ER 77-152.] He bought the receiver from a gun store in Anchorage, Alaska in 2004. [ER 90] He bought a stock and a barrel at a gun show in Palmer, Alaska. [ER 92-95] Other parts he received from a friend in Alaska. [ER 95] Mr. Henry assembled and machined the parts in his garage in order to build his machine gun. [ER 97]

The testimony of the ATF expert in this case supports Mr. Henry's claim that the machine gun was homemade. [*See* Testimony of ATF Firearms Enforcement Officer Michael Knapp, ER 10-76.] Agent Knapp testified that the receiver was originally manufactured as a semi-automatic and converted into a machine gun. [ER 16, 18] A "FN FAL" factory "safety sear," which is a legal gun component, was installed in the modified receiver. [ER 18]

And in this case the government, as in *Stewart I*, never contested at the district court level that Mr. Henry's was a "homemade" machine gun. That fact should be accepted for the purpose of deciding this appeal.

> **B.** ***Heller* Protects a Law-Abiding Citizen Who is Not Otherwise Prohibited From Owning a Firearm, to Possess a Machine Gun for Lawful Purposes.**

The government argues that *District of Columbia v. Heller*, 554 U.S. 570 (2008) "makes clear" that under *Heller*, individuals still do not have the right to

3

possess machine guns. The government relies on the unpublished decision in *United States v. Gilbert*, 2008 WL 2740453 (9th Cir. 2008). Gilbert, however, was a convicted felon. Mr. Henry was not. Mr. Henry had no legal prohibitions from owning firearms. Gilbert was involved in the commercial sale of firearms. Mr. Henry did not possess or use firearms in any commercial activity or unlawful activity. There is no evidence that he possessed any firearms outside of his own home.

This case squarely presents the issue, not yet decided under *Heller*, if the Second Amendment protects possession of a machine gun by a law-abiding citizen in his home for lawful purposes. The test, as set forth in the government's brief at p. 13, is whether a machine gun is "typically possessed" in the home and "in common use" by "law-abiding citizens for lawful purposes."

Machine guns meet that test in modern America. Machine guns have been in the possession of citizens since the 1870's. They were first regulated under the 1934 National Firearms Act (NFA), 26 U.S.C. § 5845, Chapter 53, which regulates machine guns as a revenue measure under the Internal Revenue Code. The NFA did not prohibit machine guns. Congress could not have banned machine guns without violating the Second Amendment.

In 2012, machine guns are not "dangerous and unusual weapons." According to Bureau of Justice Statistics, as of 1995 there have been over 240,000 machine guns registered to United States citizens, all for lawful purposes.

4

However, when Congress enacted 18 U.S.C. § 922(o) in 1986, that statute did ban machine guns not previously possessed before that date. Mr. Henry and all law-abiding citizens are banned from registering, and therefore possessing, a "homemade" machine gun, made with lawfully obtained parts, in the privacy of their home.

The Supreme Court in *Heller* never specifically stated that its holding in *Heller* did not apply to machine guns. The District Court's decision and government's brief reply on *United States v. Miller*, 307 U.S. 174 (1939). But as the Supreme Court stated in *Heller*:

> It is particularly wrongheaded to read *Miller* for more than what it said, because the case did not even purport to be a thorough examination of the Second Amendment. Justice STEVENS claims, *post*, at 2845, that the opinion reached its conclusion "[a]fter reviewing many of the same sources that are discussed at greater length by the Court today." Not many, which was not entirely the Court's fault. The defendants made no appearance in the case, neither filing a brief nor appearing at oral argument; the Court heard from no one but the Government (reason enough, one would think, not to make that case the beginning and the end of this Court's consideration of the Second Amendment).

*Heller*, 554 U.S. at 623.

Mr. Henry enjoys an individual right under the Second Amendment that is as fundamental as other individual rights protected by the Bill of Rights. The protections of our Constitution have had to evolve along with modern society. Just

5

as the First, Fourth, Fifth, Sixth and Eighth Amendments have to be interpreted in the context of current society, so does the Second Amendment.

    **C.**      **Because *Heller* Protects the Possession of Machine Guns in the Home by Law-Abiding Citizens for Lawful Purposes, the Decision of *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006) Is Not Binding on this Court.**

The government's brief argues that this Court cannot consider Mr. Henry's Commerce Clause argument because of the decision of *Stewart II*. Just as *Gonzales v. Raich*, 545 U.S. 1 (2005) changed the analysis of *Stewart I*, so does *District of Columbia v. Heller* change the analysis of *Stewart II*.

This Court is not bound by precedent and should consider Mr. Henry's challenge to 18 U.S.C. § 922(o) as applied to his case. That point is illustrated by this Court's decision in *Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011), which holds that regulations which substantially burden the right to keep and to bear arms triggered heightened scrutiny under the Second Amendment. That view is completely supported in the *Heller* decision:

> Justice BREYER correctly notes that this law, like almost all laws, would pass rational-basis scrutiny. *Post*, at 2850-2851. But rational-basis scrutiny is a mode of analysis we have used when evaluating laws under constitutional commands that are themselves prohibitions on irrational laws. *See, e.g., Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, ----, 128 S.Ct. 2146, 2153-2154, 2008 WL 2329768, *6-7, 170 L.Ed.2d 975 (2008). In

6

>those cases, "rational basis" is not just the standard of scrutiny, but the very substance of the constitutional guarantee. Obviously, the same test could not be used to evaluate the extent to which a legislature may regulate a specific, enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, or the right to keep and bear arms.

*Heller,* 554 U.S. at 628, fn 27.

This Court needs to consider Mr. Henry's Second Amendment and Commerce Clause claims under current standards of scrutiny for the right to keep and bear arms.

Dated at Anchorage, Alaska this 25th day of January 2012.

>THE OFFICE OF FEDERAL DEFENDER
>FOR THE DISTRICT OF ALASKA
>
>/s/Rich Curtner
>Federal Defender
>Attorney for Appellant
>601 West Fifth Avenue, Suite 800
>Anchorage, AK 99501
>Phone:    907-646-3400
>Fax:    907-646-3480
>E-Mail:    rich_curtner@fd.org

7